UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARREN TYRONE SLOAN | CIVIL ACTION NO. 02-2176 |
| VERSUS | JUDGE DONALD E. WALTER |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a "Motion For Relief From Judgment And Order Pursuant To Federal Rules Of Civil Procedure; Rule 60(D)(1)&(3)" filed pro se by the petitioner, Darren T. Sloan ("Sloan"). See Record Document 63. After due consideration, the motion for relief is **DENIED**.

Sloan was convicted of second-degree murder and sentenced to life imprisonment. He challenged his conviction in a habeas corpus petition. Magistrate Judge Mark L. Hornsby appointed counsel and held an evidentiary hearing on the claim that defense attorney Anthony Hollis failed to communicate to Sloan a plea bargain offer that carried a twenty-five year sentence. Sloan claimed that he would have accepted the offer and avoided his life sentence.

Magistrate Judge Hornsby, after a thorough hearing that included testimony from Sloan and Mr. Hollis, found in a Report and Recommendation to this Court, that the preponderance of the evidence showed that attorney Hollis did not communicate to Sloan the 25-year offer, but there was not a reasonable likelihood that Sloan would have accepted the offer had he received it. Sloan had been adamant that he was going to trial, and he rejected a 35-year offer the morning of trial. These and other relevant factors were discussed in detail in the Report and Recommendation. See Record Document 38. Judgment was entered by this Court denying the habeas petition. See

Record Document 47.  Sloan applied to the Fifth Circuit Court of Appeals for a certificate of appealability, and it was denied in 2008.  See Record Document 55.

More than five years after the judgment became final, Sloan filed a petition in the Fifth Circuit to seek authorization to file a second or successive petition.  He asserted that his claim was supported by a new decision, Missouri v. Frye, 566 U.S. 134, 132 S. Ct. 1399 (2012).  The Fifth Circuit denied the petition because it did not rely on new evidence, and it failed under the new-law provision because Frye did not announce a new rule of constitutional law; it merely applied the existing right to counsel in the specific context of conveying plea offers.  See In re: Darren Sloan, 14-30879. The appellate court added that Sloan's case had been decided under Fifth Circuit precedent that recognized, even before Frye, that failure to communicate a plea offer could be ineffective assistance.

Several months after the Fifth Circuit denied the petition to file a second or successive application, Sloan filed with this Court a letter that was docketed as a Motion to Reopen/Reinstate Case.  See Record Document 59.  He also sent a similar letter (Record Document 60) a few months later.  Sloan discussed how his former attorney was found by state disciplinary authorities to have committed several violations of bar standards with respect to other clients, and Sloan continued to invoke Frye.  Magistrate Judge Hornsby denied Sloan's motion to reopen/reinstate case.  See Record Document 61.

Once again, over four years later, Sloan seeks relief based upon these same claims.  Sloan cites to Federal Rule of Civil Procedure 60, specifically invoking Rule 60(d)(1) and (3).  These sections provide other powers to grant relief from a judgment or order. Specifically, sections (d)(1) and d(3) provide that "[t]his rule does not limit a court's power to: (1) entertain an independent

action to relieve a party from a judgment, order, or proceeding. . . ." and (3) "set aside a judgment for fraud on the court."

A Rule 60 motion must be construed as a habeas claim "when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." Ruiz v. Quarterman, 404 F.3d 523, 526 (5th Cir. 2007). The instant motion clearly seeks to relitigate Sloan's ineffective assistance of counsel claims. Notwithstanding Sloan's characterizations of his request, his pleading is clearly an attempt to mount yet another collateral attack on his State court conviction and thus, it must be construed as a successive petition for habeas corpus relief.

Title 28 U.S.C. § 2244(b)(3)(A) provides, "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Sloan has not yet received permission from the Court of Appeals to file this successive petition in the district court as required by the statute. Therefore, this Court lacks jurisdiction to consider his claims.

Accordingly, the motion for relief is construed as a petition for habeas corpus and is successive. Therefore, the motion is **DISMISSED** for lack of jurisdiction, as Sloan did not obtain permission from the United States Court of Appeals for the Fifth Circuit prior to filing.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of November, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE